UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS NASH, | ) |
|       Plaintiff, | ) Case No. 08 C 1170 |
| v. | ) Judge Kocoras |
| | ) Magistrate Judge Schenkier |
| COUNTY OF WILL, PAUL J. KAUPUS, officially and as Sheriff of Will County, OFFICER PAYNE, OFFICER JOHNSON, and OFFICER JONES | ) Jury Demand |
|       Defendants. | ) |

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, DOUGLAS NASH, by and through his attorneys, Gregory E. Kulis & Associates, and for his Complaint against the Defendants, COUNTY OF WILL, a not-for-profit Illinois Corporation, PAUL J. KAUPAS, officially, and as Sheriff of Will County, OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES, states as follows:

## COUNT I— EXCESSIVE FORCE

1. That jurisdiction is proper with this court pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

2. That all relevant acts occurred in Will County, Illinois.

3. That the Plaintiff, DOUGLAS NASH, is a resident of the Northern District of Illinois.

4. That on February 18, 2007, the Plaintiff was in custody in the Will County Detention Center.

5. That at all relevant times hereto, the Defendant, SHERIFF PAUL J. KAUPAS, oversaw and managed the Will County Adult Detention Facility, which was a department of the Defendant, COUNTY OF WILL.

6. The Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES were Will County Deputy Sheriffs working at the Will County Adult Detention Center.

7. That all times relevant hereto, Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES, were acting as an employee/agent of the Defendant, SHERIFF OF WILL COUNTY and the COUNTY OF WILL.

8. The Defendants came to the Plaintiff's DOUGLAS NASH'S cell and slammed him against the wall.

9. While handcuffed the Defendants kneed him and slammed his head to the ground.

10. The Plaintiff DOUGLAS NASH was injured.

11. Said use of force was excessive, unprovoked and unreasonable.

12. The actions of the Defendants were intentional, willful, and wanton.

13. That as a direct and proximate result of the actions of the Defendants, the Plaintiff suffered and continues to suffer fear, emotional distress, anxiety, pain and suffering, monetary expense.

WHEREFORE, the Plaintiff, DOUGLAS NASH, prays that this Honorable Court enter judgment against the Defendants, OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES in excess of $100,000.00 for compensatory damages and in excess of $100,000.00 for punitive damages, plus costs and attorney's fees.

## COUNT II— FAILURE TO INTERVENE

1-10. That the Plaintiff re-alleges and incorporates paragraphs 1 through 10 of COUNTS I and II as paragraphs 1-10 of COUNT II as though fully set forth herein.

11. The Defendants have a duty to intervene when unlawful use of excessive force is being committed.

12. Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES failed to intervene when the other Defendants were unlawfully using excessive force on Plaintiff.

13. Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES stood by and observed the unlawful actions of their codefendants, thus allowing these actions to occur by failing to intervene.

14. As a result of the actions of the Defendants and the actions and inactions of the other Defendants, the Plaintiff required and received hospital treatment and care.

15. Said actions and inactions of the Defendants were intentional, willful and wanton.

16. Said actions and inactions of Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, DOUGLAS NASH, prays that this Honorable Court enter judgment against Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES in excess of $100,000.00 for compensatory damages and in excess of $100,000.00 for punitive damages, plus costs and attorney's fees.

### COUNT III-- MONELL PRACTICE AND POLICY CLAIM against WILL COUNTY and PAUL J. KAUPAS, officially and as Sheriff of Will County

1-14. That the Plaintiff re-alleges and incorporates paragraphs 1 through 14 of COUNTS I as his respective paragraphs 1-14 of Count I as though fully set forth herein.

15. Will County and the Sheriff are officially responsible for the supervision of all peace officers of the Will County Sherriff's Department and for setting customs, practices and policy.

16. In 2007 or prior to 2007, Will County initiated, maintained, and allowed a custom, practice and policy to exist whereby:

    i. Its officers engaged in widespread misconduct, including, but not limited to, the use of excessive force and the falsification of police reports and criminal complaints.

    ii. Defendants PAYNE, JOHNSON, and JONES were allowed to abuse their power so as to freely engage in the use of excessive force on detainees and unlawfully detain arrestees by filing false complaints with fabricated allegations, violating numerous departmental regulations and policies which resulted in the violation of citizens' constitutional rights.

    iii. Defendants COUNTY OF WILL and SHERIFF PAUL J. KAUPUS allowed the aforesaid illegal and unconstitutional behavior to exist and continue.

    iv. Defendants, COUNTY OF WILL and SHERIFF PAUL J. KAUPAS, continuously failed to adequately investigate, discipline, reprimand or instruct their officers in any way for and because of the malicious and unconstitutional actions of their officers, thus evincing a policy, practice and custom of encouraging and condoning such acts.

      v. Defendant PAUL J. KAUPUS had/has a custom and policy of concealing illegal conduct.

17. Plaintiff has a reasonable belief that other individuals have been subjected to similar unlawful behavior.

18. That the misconduct described in this Complaint was undertaken pursuant to the policy and practice of the Will County Sheriff's Department, County of Will, and Will County Adult Detention Facility:

      i. As a matter of both policy and practice, the Defendants failed to adequately train, supervise and control its officers, such that it failure to do manifested deliberate indifference;

      ii. As a matter of both policy and practice, the Defendants facilitated this very type of misconduct, thereby leading the Will County deputies to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

      iii. Generally, as a matter of widespread practice so prevalent as to compromise municipal policy, deputies of Will County abuse prisoners in a manner similar to that alleged by the Plaintiff in this count on a frequent basis;

      iv. Policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Will County Sheriff's Department by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

      v. The Defendants have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the type of injuries alleged here, and in fact take action to cover up such illegal acts as alleged here, including unlawful uses of force.

19. These customs, practices, and policies of Will County as to Defendants PAYNE, JOHNSON and JONES and the failure to supervise or correct their actions were a force behind the unlawful acts against the Plaintiff and facilitated these acts.

20. Said custom, practice, and policy violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

21. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, insult, monetary loss, and pain and suffering.

WHEREFORE, the Plaintiff, DOUGLAS NASH, prays that this Honorable Court enter judgment against Defendants WILL COUNTY and SHERIFF PAUL J. KAUPUS in excess of $100,000.00 for compensatory damages and in excess of $100,000.00 for punitive damages, plus costs and attorney's fees.

### COUNT IV - INDEMNIFICATION

1-19. The Plaintiff, DOUGLAS NASH, hereby realleges and incorporates his allegations of paragraphs 1-19 of Count III as his respective allegations of paragraph 1-19 of Count IV as though fully set forth herein.

20. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

21. Defendants PAYNE, JOHNSON, and JONES are or were employees of the Will County Sheriff's Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants PAYNE, JOHNSON, and JONES be found liable for the acts alleged above, Defendant WILL COUNTY would be liable to pay the Plaintiff any judgment obtained against said Defendants.

### JURY DEMAND

Plaintiff DOUGLAS NASH prays for trial by jury.

    Respectfully submitted,

    /s/ Ronak Patel
    Gregory E. Kulis & Associates

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830