IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS NASH,                                      ) | |
| ) | |
| Plaintiff,                      ) | |
| ) | |
| v.                              ) | No. 08 C 1170 |
| ) | |
| COUNTY OF WILL, PAUL J. KAUPAS, officially   ) | Judge Charles P. Kocoras |
| and as Sheriff of Will County, OFFICER PAYNE,  ) | |
| OFFICER JOHNSON and OFFICER JONES,     ) | |
| ) | |
| Defendants.                     ) | |

### ANSWER AND AFFIRMATIVE DEFENSE TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, COUNTY OF WILL, PAUL KAUPAS, ERIK PAYNE, JEFF JOHNSON and PATRICK JONES, by and through their undersigned attorneys, and for their Answer and Affirmative Defense to Plaintiff's Second Amended Complaint, state as follows:

### COUNT I
### Excessive Force

1.  That jurisdiction is proper with this court pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

**ANSWER:** Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. Defendants deny the remaining allegations in paragraph 1.

2.  That all relevant acts occurred in Will County, Illinois.

**ANSWER:** Defendants admit that the allegedly wrongful conduct is alleged to have occurred in Will County, Illinois. Defendants deny the remaining allegations in paragraph 2.

3.  That the Plaintiff, DOUGLAS NASH, is a resident of the Northern District of Illinois.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.  That on February 18, 2007, the Plaintiff was in custody in the Will County Detention Center.

**ANSWER:**  Defendants admit the allegations in paragraph 4.

5.  That at all relevant times hereto, the Defendant, SHERIFF PAUL J. KAUPAS, oversaw and managed the Will County Adult Detention Facility, which was a department of the Defendant, COUNTY OF WILL.

**ANSWER:**  Defendants admit that the Will County Sheriff's Office controls and operates the Will County Adult Detention Facility. Defendants deny the remaining allegations in paragraph 5.

6.  The Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES were Will County Deputy Sheriffs working at the Will County Adult Detention Center.

**ANSWER:**  Defendants admit that the referenced individuals were working at the Will County Adult Detention Facility as of February 18, 2007. Defendants deny the remaining allegations in paragraph 6.

7.  That all times relevant hereto, Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES, were acting as an employee/agent of the Defendant, SHERIFF OF WILL COUNTY and the COUNTY OF WILL.

**ANSWER:**  This paragraph states a legal conclusion to which no answer is required.

8.  The Defendants came to the Plaintiff's DOUGLAS NASH'S cell and slammed him against the wall.

**ANSWER:**  Defendants deny the allegations in paragraph 8.

9.  While handcuffed the Defendants kneed him and slammed his head to the ground.

**ANSWER:**  Defendants deny the allegations in paragraph 9.

10. The Plaintiff DOUGLAS NASH was injured.

**ANSWER:**  Defendants admit that Plaintiff complained that he was injured on or about February 18, 2007. Defendants deny the remaining allegations in paragraph 10.

11. Said use of force was excessive, unprovoked and unreasonable.

**ANSWER:** Defendants deny the allegations in paragraph 11.

12. The actions of the Defendants were intentional, willful, and wanton.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. That as a direct and proximate result of the actions of the Defendants, the Plaintiff suffered and continues to suffer fear, emotional distress, anxiety, pain and suffering, monetary expense.

**ANSWER:** Defendants deny the allegations in paragraph 13.

## COUNT II
### Failure to Intervene

1-10. That the Plaintiff re-alleges and incorporates paragraphs 1 through 10 of Count I as paragraphs 1-10 of Count II as though fully set forth herein.

**ANSWER:** Defendants adopt by reference their answers to paragraphs 1 through 10 of Count I as their answer to this paragraph.

11. The Defendants have a duty to intervene when unlawful use of excessive force is being committed.

**ANSWER:** Defendants admit that they have certain duties imposed by law, but deny that this allegation accurately states those duties.

12. Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES failed to intervene when the other Defendants were unlawfully using excessive force on Plaintiff.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES stood by and observed the unlawful actions of their codefendants, thus allowing these actions to occur by failing to intervene.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. As a result of the actions of the Defendants and the actions and inactions of the other Defendants, the Plaintiff required and received hospital treatment and care.

**ANSWER:**   Defendants deny the allegations in paragraph 14.

15.   Said actions and inactions of the Defendants were intentional, willful and wanton.

**ANSWER:**   Defendants deny the allegations in paragraph 15.

16.   Said actions and inactions of Defendants OFFICER PAYNE, OFFICER JOHNSON and OFFICER JONES violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. 1983.

**ANSWER:**   Defendants deny the allegations in paragraph 16.

### COUNT III
### *Monell* Practice and Policy

1-14.   That the Plaintiff re-alleges and incorporates paragraphs 1 through 14 of Count II as his respective paragraphs 1-14 of Count III as though fully set forth herein.

**ANSWER:**   Defendants adopt by reference their answers to paragraphs 1 through 11 of Count II as their answer to this paragraph.

15.   Will County and the Sheriff are officially responsible for the supervision of all peace officers of the Will County Sheriff's Department and for setting customs, practices and policy.

**ANSWER:**   Defendants admit that the Will County Sheriff's Office manages and supervises the peace officers who work for the Sheriff's Office. Defendants deny the remaining allegations in paragraph 15.

16.   In 2007 or prior to 2007, Will County initiated, maintained, and allowed a custom, practice and policy to exist whereby:
  i.   its officers engaged in widespread misconduct, including, but not limited to, the use of excessive force and the falsification of police reports and criminal complaints.
  ii.   Defendants PAYNE, JOHNSON, and JONES were allowed to abuse their power so as to freely engage in the use of excessive force on detainees and unlawfully detain arrestees by filing false complaints with fabricated allegations, violating numerous departmental regulations and policies which resulted in the violation of citizens' constitutional rights.

      iii.    Defendants COUNTY OF WILL and SHERIFF PAUL J. KAUPUS allowed the aforesaid illegal and unconstitutional behavior to exist and continue.

      iv.    Defendants, COUNTY OF WILL and SHERIFF PAUL J. KAUPAS, continuously failed to adequately investigate, discipline, reprimand or instruct their officers in any way for and because of the malicious and unconstitutional actions of their officers, thus evincing a policy, practice and custom of encouraging and condoning such acts.

      v.    Defendant PAUL J. KAUPUS had/has a custom and policy of concealing illegal conduct.

**ANSWER:** Defendants deny the allegations in paragraph 16.

17. Plaintiff has a reasonable belief that other individuals have been subjected to similar unlawful behavior.

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. That the misconduct described in this Complaint was undertaken pursuant to the policy and practice of the Will County Sheriff's Department, County of Will, and Will County Adult Detention Facility:

      i.    As a matter of both policy and practice, the Defendants failed to adequately train, supervise and control its officers, such that it failure to do manifested deliberate indifference;

      ii.    As a matter of both policy and practice, the Defendants facilitated this very type of misconduct, thereby leading the Will County deputies to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff;

      iii.    Generally, as a matter of widespread practice so prevalent as to compromise municipal policy, deputies of Will County abuse prisoners in a manner similar to that alleged by the Plaintiff in this count on a frequent basis;

      iv.    Policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Will County Sheriff's Department by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

      v.    The Defendants have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the type of injuries alleged here, and in fact take action to cover up such illegal acts as alleged here, including unlawful uses of force.

**ANSWER:** Defendants deny the allegations in paragraph 18.

19. These customs, practices, and policies of Will County as to Defendants PAYNE, JOHNSON and JONES and the failure to supervise or correct their actions were a force behind the unlawful acts against the Plaintiff and facilitated these acts.

**ANSWER:** Defendants deny the allegations in paragraph 19.

20. Said custom, practice, and policy violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. 1983.

**ANSWER:** Defendants deny the allegations in paragraph 20.

21. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, insult, monetary loss, and pain and suffering.

**ANSWER:** Defendants deny the allegations in paragraph 21.

## COUNT IV
### Indemnification

1-19. That the Plaintiff re-alleges and incorporates paragraphs 1 through 19 of Count III as his respective paragraphs 1-19 of Count IV as though fully set forth herein.

**ANSWER:** Defendants adopt by reference their answers to paragraphs 1 through 19 of Count III as their answer to this paragraph.

20. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** This paragraph states a legal conclusion to which no answer is required.

21. Defendants PAYNE, JOHNSON and JONES are or were employees of the Will County Sheriff's Department who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** This paragraph states a legal conclusion to which no answer is required.

## AFFIRMATIVE DEFENSE

### Qualified Immunity

In further response to Counts I and II of the Second Amended Complaint, and without waiving any of the denials set forth in the foregoing Answer thereto, Defendants are immune from liability because they did not engage in any conduct that violated Plaintiff's clearly established statutory or constitutional rights then known to a reasonable officer.

WHEREFORE, based on the foregoing responses and defenses, Defendants deny that Plaintiff is entitled to any relief whatsoever and respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff, and grant Defendants such further and additional relief as this Court deems proper and just.

Dated: June 13, 2008

Respectfully submitted,

COUNTY OF WILL, SHERIFF PAUL J. KAUPAS, ERIK PAYNE, JEFF JOHNSON and PATRICK JONES

s/ Martin W. McManaman
One of the attorneys for Defendants

Martin W. McManaman
Patrick R. Moran
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500
Attorneys for Defendants