UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS NASH,                    ) | |
|                                        ) | Case No. 08 C 1170 |
|       Plaintiff,          ) | |
|                                        ) | Judge Kocoras |
| v.                               ) | |
|                                      ) | Magistrate Judge Schenkier |
| COUNTY OF WILL, PAUL J.          ) | |
| KAUPUS, officially and as Sheriff of Will ) | Jury Demand |
| County, OFFICER PAYNE, OFFICER   ) | |
| JOHNSON, and OFFICER JONES       ) | |
|                                      ) | |
|       Defendants.        ) | |

**PLAINTIFF'S MOTION TO COMPEL**

NOW COMES the Plaintiff, DOUGLAS NASH, by and through his attorneys, Gregory E. Kulis & Associates, and in support of his motion, states as follows:

1. This case was filed February 26, 2008.

2. The Court has ordered that all discovery is to be completed by November 18, 2008.

3. Plaintiff served Defendants with Plaintiff's First Set of Requests for Production of Documents and Plaintiff's First Set of Interrogatories on April 23, 2008.  (See Exhibit I).

4. Plaintiff's counsel engaged on several occasions in verbal communication and written correspondence (letters dated June 24, July 8, and July 30, 2008) with Defendants' counsel regarding Defendants' overdue discovery responses (See Exhibits II, III, and IV).

5. Defendants' counsel finally tendered Defendants Jones' and Johnson's Answers to Interrogatories and Defendants' Responses to Plaintiff's Request for Production of Documents on July 31, 2008.  (See Exhibits V, VI, and VII).

6. Defendants' counsel tendered Defendant Payne's Answers to Interrogatories on August 7, 2008. (See Exhibit VIII).

7. In reviewing these responses, Plaintiff's counsel noted several deficiencies in Defendants' responses and sent Defendants' counsel a letter regarding these deficiencies on August 11, 2008, pursuant to Local Rule 37.2. (See Exhibit IX).

8. Plaintiff's letter of August 11, 2008 addresses deficiencies in Defendants' answers to Plaintiff's interrogatories, specifically interrogatories numbered 13, 14, and 15, as well as deficiencies in Defendants' responses to Plaintiff's production requests, specifically requests numbered 2, 3, 6, 8, 10, 13, and 15.

9. Interrogatory no. 13 requests information regarding any investigation undertaken in regards to the alleged actions of Defendants on February 18, 2007.

10. Interrogatory no. 14 inquires into whether the Defendants have ever been sued in relation to any actions taken by them while fulfilling their official duties.

11. Interrogatory no. 15 inquires into whether a verbal or complaint has ever been filed against the Defendants with the Will County Sheriff's Office or any other law enforcement agency with which they have been employed.

12. Production requests 2, 3, 6, 8, 10, 13, and 15 request documents concerning Defendants' complaint and disciplinary histories, as well as any investigation undertaken by any agency into Plaintiff's allegations, and these requests are directly relevant to both Plaintiff's claim of excessive force and his *Monell* claim. Plaintiff's motion to dismiss his Monell claim was withdrawn and Defendants' counsel has been on notice of this since August 11, 2008.

13. The letter by Plaintiff's counsel dated August 11, 2008 requested that Defendants correct these deficiencies and tender full and complete responses by August 18, 2008.

14. Despite voice mail messages left on August 18-20 and written correspondence sent on August 18, 2008 and August 20, 2008 advising Defendants' counsel to contact Plaintiff's counsel by noon on August 21, 2008 to discuss these issues, Defendants' counsel has neither tendered responses curing these deficiencies or contacted Plaintiff's counsel regarding these issues. (See Exhibits X and XI).

15. The materials requested by the Plaintiff – the Defendants' disciplinary history, prior complaints, and the file from any investigation undertaken into this incident consisting of statements by witnesses, Plaintiff, and Defendants–are relevant to discovery in that they may contain information regarding the Defendants' state of mind at the time of the incident, previous job performance, a history of anger management problems, a history of prior violence or lack of credibility.

16. Due to the fact that fact discovery is anticipated to be quite extensive in this case due to the number of witnesses, on April 23, 2008, Plaintiff originally noticed the depositions of Defendants Kaupus, Payne, Johnson, and Jones for July 7, 2008 and July 9, 2008 (See Exhibit XII).

18. As a result of the difficulties in timely obtaining Defendants' written discovery responses, Plaintiff was forced to cancel these depositions (refer to Exhibit I).

19. Plaintiff re-noticed the depositions of Defendants on July 30, 2008 for August 8, 19, and 25, 2008, but these depositions were cancelled due to the unavailability of Defendants' counsel.

20. Plaintiff's counsel has provided Defendants' counsel with proposed dates for Defendants' depositions in September, specifically for September 8, 11, and 17, and has not

heard back from Defendants' counsel despite having left several voice messages. (See Exhibit XIII). Plaintiff sent a third notice of deposition for these dates on August 21, 2008.

21.     Plaintiff cannot proceed with Defendants' depositions without resolving the written discovery issues previously discussed.

22.     The information and materials at issue being sought by Plaintiff are typically requested and received by civil rights plaintiffs, even over objections such as those advanced by the Defendants here, including objections on the basis of the discovery requests being overbroad, irrelevant, harassing, calling for the production of confidential information, and not being reasonably calculated to lead to the discovery of admissible evidence.

    a.     See Charles v. Cotter, 1994 WL 424144 (N.D. Ill.) (where the plaintiff sought disciplinary history and past complaints, the court held that the information sought could be relevant or lead to relevant evidence and that the plaintiff should have been allowed discovery into prior instances of misconduct by the defendants).

    b.     See Bond v. Uteras, 2006 WL 695447 (N.D. Ill., March 2006) (in ruling on plaintiff's motion to compel production of the personnel files, disciplinary records and other use of force documents for the police officer defendants alleged to have violated the constitutional rights of the plaintiff, the court held these relevant and responded to defendants' argument that the files contained private and sensitive information by ordering the defendants to redact "irrelevant, personal" information within the files).

    c.     See Vodak v. City of Chicago, 2004 WL 1381043, *5 (N.D. Ill.) (holding that individual defendants' job applications, performance reviews and personnel files were discoverable and stating that "numerous courts have held that the personnel files

and compliant histories of defendant officers are relevant in Section 1983 actions involving police misconduct).

  d. See <u>Wilson v. City of Chicago</u>, 6 F.3d 1230, 1238 (7th Cir. 1993) (appellate court reversed trial court's refusal to admit evidence of other police misconduct complaints).

  e. See <u>United States v. Macedo</u>, 406 F.3d 778, 793 (7th Cir. 2005) (though courts consider how recent or outdated prior bad acts are in considering their admissibility, court admitted evidence of nine-year-old cocaine sales in drug trial due to fact that outdated conduct was similar to conduct at issue).

23. The Plaintiff will be prejudiced if the Defendants do not fully comply with his discovery requests prior to their noticed depositions.

24. As evidenced, despite the extensive communication between the parties and the reasonable opportunities given to Defendants' counsel to notify Plaintiff's counsel of available dates, Defendants' counsel has refused to cooperate or even contact Plaintiff's counsel regarding these issues.

25. Having made reasonable efforts to come to an agreement regarding this matter without success and due to Defendants' counsel lack of cooperation, the nature and extent of the discovery anticipated in this case, and the impending discovery deadline, Plaintiff's counsel has elected to file the motion to compel presently before the Court.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to grant his motion and order the Defendants to provide fully and responsive answers to Plaintiff's interrogatories 13, 14, and 15 and Plaintiff's production requests 2, 3, 6, 8, 10, 13, and 15 within (7) days, prior to their noticed depositions, and any other relief this Court deems just.

                    Respectfully submitted,

                    /s/ Ronak Patel
                    Gregory E. Kulis and Associates

Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, IL 60602
(312) 580-1830