IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS NASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1170 |
| ) | |
| COUNTY OF WILL, PAUL J. KAUPAS, ) | |
| officially and as Sheriff of Will County, ) | Judge Charles P. Kocoras |
| OFFICER PAYNE, OFFICER JOHNSON, ) | |
| and OFFICER JONES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JONES' ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Defendant PATRICK JONES, by and through his undersigned attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, answers Plaintiff's First Set of Interrogatories as follows:

1. State your full name, any other names you have used or been known by, address, date of birth, your height and weight both at the time of the incident and at present, and your official title and duties in that capacity. Please also state what training you have received regarding the Will County Sheriff's Office's policies and procedures concerning the use of force by police officers. Include the dates of all such training sessions that you have attended, a summary of the subject matter, and the name of the individual conducing the session.

<u>ANSWER:</u> Defendant objects to disclosing personal information (e.g., address, date of birth, etc.) for security reasons. Subject to and without waiving this objection, Patrick M. Jones, 5'9", 250 lbs.; Deputy of the Will County Sheriff's Office. See documents WCSO 00522 through WCSO 00617.

2. State the full name and address of each person who witnessed or claims to have witnessed the occurrence alleged in the Complaint. If applicable, state the nature of your relationship with each person identified (i.e. acquaintance, colleague, friend, etc.).



ANSWER: Defendant objects to this interrogatory on the grounds that the phrase "claims to have knowledge" is vague and confusing. Defendant further objects on the grounds that this interrogatory is overly broad and unduly burdensome to the extent it imputes the ability to know exactly who claims to have knowledge relating to the truth or falsity of any allegations. Subject to and without waiving these objections, see Defendants' Rule 26(a)(1) Disclosures and documents WCSO 0001 to WCSO 0216; investigation continues.

3. State the name and address of each person who was not present but has knowledge of the circumstances surrounding the incident, and state the subject matter of their knowledge and testimony. If applicable, state the nature of your relationship with each person identified (i.e. acquaintance, colleague, friend, etc.).

ANSWER: See answer to Interrogatory No. 2.

4. State your assignment and duties on February 18, 2007.

ANSWER: I was assigned to the Emergency Response Team at the Will County Adult Detention Facility.

5. Did you have any physical contact or interaction with the Plaintiff on February 18, 2007? If so, state the nature of the contact and:
    a. The names of all individuals who had such contact with the Plaintiff;
    b. Who initiated the contact;
    c. Where and when the contact occurred;
    d. The names of all individuals present when the contact occurred and their names, addresses, and phone numbers;
    e. The number of times contact was made, including by whom and to whom and stating the portion of the body or the type of object used to make contact with the Plaintiff and the area of the Plaintiff's body with which contact was made in each instance.

ANSWER: See documents WCSO 000162 through WCSO 000164.

6. State the nature of any conversation or verbal interaction you and/or your co-Defendants had with the Plaintiff on February 18, 2007, including:
    a. The names of the parties involved and who initiated the conversation;
    b. Where and when the conversation took place;
    c. The nature of the conversation and/or interaction (what was said);
    d. The names, addresses, and phone numbers of any individuals, including officers and civilians, present during the conversation; and,

    e.    Whether you arrested or cited the individuals.

**ANSWER:** I communicated verbally with Plaintiff on February 18, 2007, but cannot recall the specific details at this time. See documents WCSO 000162 through WCSO 000164; investigation continues.

7. State the nature of any conversation any other officers or individuals may have had with the Plaintiff on February 18, 2007, including:
   a. Who initiated the conversation;
   b. Where and when the conversation took place;
   c. The nature of the conversation and/or interaction (what was said); and,
   d. The names, addresses, and phone numbers of anyone who was present during the conversation.

**ANSWER:** Defendant objects to this interrogatory to the extent it calls for speculation concerning conversations Defendant did not participate in or witness. Subject to and without waiving this objection, I believe other officers communicated verbally with Plaintiff but I cannot recall the details at this time; investigation continues.

8. Did you or your co-Defendants have any contact or interaction, verbal or physical, with the Plaintiff prior to or subsequent to February 18, 2007? If so, state the nature of the contact and:
   a. Who initiated the contact;
   b. Whether the contact was verbal and/or physical;
   c. Where and when the contact or interaction occurred;
   d. The names of anyone who was present when the interaction happened; and,
   e. The names, addresses and phone numbers of the individuals.

**ANSWER:** I may have had contact with Plaintiff at some time other than February 18, 2007, but cannot recall at this time. I do not know whether any other defendant had contact with Plaintiff at some time other than February 18, 2007.

9. Describe what injuries, if any, you or your co-Defendants sustained after contact with the Plaintiff on February 18, 2007. In addition, state:
   a. How the Defendants sustained the injuries;
   b. If the Defendants received medical attention for their injuries;
   c. The costs related to the injuries;
   d. Who Defendants notified of the injuries; and,

  e. Whether or not there are any photographs or reports relating to Defendants' injuries.

**ANSWER:** I am not aware of any injuries; investigation continues.

10. Describe what injuries the Plaintiff sustained after contact with the Defendants or any other Will County Sheriff's officers on February 18, 2007. In addition, state:
  a. The nature of Plaintiff's injuries, including how the Plaintiff sustained the injuries and the names of all individuals who had contact with the Plaintiff such that the injuries occurred;
  b. If the Plaintiff requested and received medical attention for his injuries, including the names of all individuals who heard the Plaintiff's request and the names of all treating personnel;
  c. The time at which Plaintiff sustained his injuries and the time at which medical attention was received, including the reasons, if any, for delay;
  d. The costs related to the injuries;
  e. Who Defendants notified of the injuries; and,
  f. Whether or not there are any photographs or reports relating to Plaintiff's injuries.

**ANSWER:** I am not aware of any injuries. Plaintiff did request medical attention and the nurse was called.

11. Have you (or anyone acting on your behalf) had any conversations or do you know of any statements, with or by any person at any time with regard to the matters described in the Complaint, or have you overheard any statements made by any person at any time with regard to the matters described in the Complaint? If yes, please state:
  a. The dates and locations of such conversations and/or statements and the parties involved;
  b. The names of all the individuals present at the time such conversations occurred or such statements were made;
  c. What was said in the conversation or statement; and,
  d. Whether the conversations and/or statements were verbal or written and who has custody of any written statements.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it seeks information protected by the attorney-client, work-product and/or common defense privileges. Defendant further objects to this interrogatory on the grounds that it is overly burdensome and vague, because it calls for Defendant to recount every conversation he has ever had about the events at issue in this lawsuit. Subject to and without waiving these objections, see documents WCSO 00162 through WCSO 00164; investigation continues.

12. Did the Defendants or any other Will County Sheriff's officers or officials write any reports regarding the incident involving Plaintiff on February 18, 2007? If so, describe each report written by the Defendants or these other individuals and name the author.

ANSWER: See documents WCSO 00162 through WCSO 00164.

13. Did the Will County Sheriff's Office or any other agency conduct an investigation into the actions undertaken by the Defendants or their colleagues on February 18, 2007? If so, state the names of those individuals and/or agencies conducting the inquiry and also state whether the Defendants or any other Will County sheriff's officer was disciplined as a result of the incident on February 18, 2007, including:
    a. The date the discipline was issued and how (i.e. disciplinary hearing, etc.);
    b. The type of discipline; and,
    c. The individual who issued the discipline.

ANSWER: Defendant objects to this interrogatory on the grounds that the term "investigation" is vague. Subject to and without waiving this objection, investigation continues.

14. Have you ever been sued in relating to any actions taken by you while fulfilling your official duties? If so, state the name of the case, court number and disposition.

ANSWER: Defendant objects to this interrogatory on the grounds that it is overly broad and is not calculated to lead to the discovery of admissible evidence because another lawsuit against Defendant would be immaterial to the allegation that Defendants used excessive force against Plaintiff.

15. Has a verbal or written complaint ever been filed against you with the Will County Sheriff's Office or any other agency (including other police departments at which Defendant may have worked)? If so, state the date, name of the agency, name of the complainant, and circumstances and disposition of the complaint and/or investigation.

ANSWER: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence because other complaints against Defendant would be immaterial to the allegation that Defendants used excessive force against Plaintiff.

16. Do the Defendants intend to call any expert witnesses at trial? If yes, state:
    a. The names and addresses of said expert witnesses;
    b. A summary of the testimony that the Defendants expect said expert witnesses to present.

ANSWER: Defendant has not yet decided whether or whom to retain as an expert witness, but reserves the right to disclose an expert witness in accordance with Rule 26(a)(2) and (3) and the Court's scheduling orders.

17. Were any cameras present in the location(s) where the events complained of occurred? If so, please state:
    a. The number of cameras and their location;
    b. The names of all individuals who normally handle the videotapes or matters related to the videotapes;
    c. The date at which the Defendants became aware that the Plaintiff and/or his attorneys had requested all videotapes regarding the incident;
    d. The names of all individuals who had contact with the videotapes after the Defendants became aware of Plaintiff's request, including the nature of the contact and the dates on which the contact occurred; and,
    e. The names of all individuals who may have issued instructions regarding the videotapes on or after the date of Plaintiff's request, including by whom and to whom and the nature of the instructions;
    f. The manner in which footage from cameras from the Will County Sheriff's Office is ordinarily maintained, including the length of retention; and,
    g. The reason(s), if any, why the Defendants or the Will County Sheriff's Office was unable to provide a complete videotape to Plaintiff and/or Plaintiff's attorneys.

ANSWER: I believe a video camera was brought to the location. I am unaware of the present location of the videotape; investigation continues.

18. Please describe your employment history as a police officer, including the name and address of each employer, the dates of commencement and termination, your official title, a brief description of your duties, whether you were ever subject to any disciplinary proceedings during your time with each department, the name of your supervisor(s), the reason for termination of employment, and the nature of any complaints (formal or informal) filed or made against you relating to the performance of your duties (including the name of each complainant and date of complaint).

ANSWER: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence because Defendant's employment history, disciplinary history and other complaints would be immaterial

6

to the allegation that Defendants used excessive force against Plaintiff. Subject to and without waiving these objections, see documents WCSO 0522 through WCSO 0617.

Respectfully submitted,

PATRICK JONES

By: _____
One of Defendant's attorneys

Martin W. McManaman
Patrick R. Moran
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500
261631_1.DOC

## VERIFICATION

Under penalties as provided by law pursuant to 28 U.S.C. 1746, the undersigned certifies that the statements set forth in his foregoing Answers to Plaintiffs' First Set of Interrogatories are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*[signature]*
PATRICK JONES