IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS NASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1170 |
| ) | |
| COUNTY OF WILL, PAUL J. KAUPAS, ) | |
| officially and as Sheriff of Will County, ) | Judge Charles P. Kocoras |
| OFFICER PAYNE, OFFICER JOHNSON, ) | |
| and OFFICER JONES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants ERIK PAYNE, JEFF JOHNSON, and PATRICK JONES, by and through their undersigned attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, produce documents WCSO 0001 through WCSO 0620 (WCSO 0001 through WCSO 00216 having already been produced) and respond in writing to Plaintiff's Request for Production of Documents as follows:

1.  Any and all documents relating to the occurrence alleged in the Complaint, including, but not limited to, reports, memos, notes, summaries, interviews, statements, transcripts, and photographs concerning the circumstances surrounding the incident, investigation thereof and allegations of the Plaintiff on or about February 18, 2007, including but not limited to the following:
    a)  Statements and/or interviews of witnesses or any other individuals who have knowledge of this lawsuit and/or the facts concerning the incident complained of, the Plaintiff, the Defendants and/or any officers or any other persons who had contact with the case including any internal investigation;
    b)  Any statements written by the Defendants, any other officers or other Will County Sheriff's Office personnel concerning the events involving Plaintiff that occurred on February 18, 2007, including the entire investigatory file;
    c)  Names, badge numbers, statements of officers involved or present at the scene;
    d)  Names, addresses, statements of civilian witnesses;
    e)  Statements of the Plaintiff given as part of any investigation;
    f)  The summary of the incident, if any;


PLAINTIFF'S EXHIBIT VII

    g)    Oral or written reports and any audiotapes of radio calls concerning the incident.

**RESPONSE:**  See documents WCSO 0001 to WCSO 0216.

2. All records, interviews, memoranda or other documents contained in and made part of the personnel files and files of the Defendants, that were or are currently maintained by the Will County Sheriff's Office including, but not limited to, complaints concerning their conduct as police officers, disciplinary or internal review of their activity as police officers and psychiatric evaluations, if any.

**RESPONSE:**  Defendants object to this request to the extent it purports to seek personal information, which will not be disclosed for security reasons. Defendants also object on the grounds that this request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence because Defendant's employment histories, disciplinary histories and other complaints would be immaterial to the allegation that Defendants used excessive force against Plaintiff. Subject to and without waiving these objections, see documents WCSO 0217 through WCSO 0521.

3. All documents which refer to, relate to, or concern the conduct of the Defendants whilst performing their jobs as law enforcement officers with any police department and/or any and all grievances and lawsuits against the Defendants. This includes, but is not limited to, civil or criminal transcripts and complaint registers.

**RESPONSE:**  See response to Request No. 2.

4. All injury reports filed by the Defendants as a result of the incident on February 18, 2007.

**RESPONSE:**  None.

5. All medical records of medical treatment received by the Defendants as a result of the incident on February 18, 2007, including any photographs that were taken.

**RESPONSE:**  None.

6. The disciplinary records of the Defendants including, but not limited to, any records from police departments other than the Will County Sheriff's Office.

**RESPONSE:**  See response to Request No. 2.

7. Any and all documents referred to or identified in Defendants' Answer(s) to Plaintiff's Interrogatories.

RESPONSE: See documents WCSO 0001 through WCSO 0617.

8. All correspondence to or from the Will County Sheriff's Office regarding this incident or any discipline any of the Defendants has ever received.

RESPONSE: Defendants object on the grounds that this request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning any discipline that any Defendant has ever received because any such discipline would be immaterial to the allegation that Defendants used excessive force against Plaintiff. Subject to and without waiving these objections, none; investigation continues.

9. All correspondence and other documents relating to communications or contracts between the Defendants and any person (excluding their attorney(s)) concerning the incident complained of.

RESPONSE: Defendants object to this request to the extent it seeks information protected by the work-product and/or common defense privileges. Subject and without waiving this objection, see documents WCSO 00162 through WCSO 00164.

10. All records, pleadings, statements, or correspondence regarding the Defendants' disciplinary hearing (including disciplinary hearings not related to this incident).

RESPONSE: Defendants object to this request to the extent it seeks information protected by the attorney-client, work-product and/or common defense privileges. Defendants further object on the grounds that this request is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning any discipline that any Defendant has ever received because any such discipline would be immaterial to the allegation that Defendants used excessive force against Plaintiff. Subject to and without waiving these objections, none; investigation continues.

11. The rap sheet/record, if any, of the Plaintiff.

RESPONSE: Defendants object to this request on the grounds that the terms "rap sheet" and "record" are vague. Subject to and without waiving these objections, none; investigation continues.

12. A copy of all videotapes that the Office may possess of the scene on February 18, 2007.

RESPONSE: Investigation continues.

13. All documents relating to any investigation or inquiry into the matters complained of by any agency, including, but not limited to, the F.B.I, Will County Sheriff's Office, or Federal/State/Will County's Attorney's Office.

RESPONSE: Investigation continues.

14. All documents relating to any civil action to which any of the Defendants have been a party to in the last ten (10) years including, but not limited to, depositions Defendants have given and statements or affidavits the Defendants have signed under oath.

RESPONSE: Defendants object to this request on the grounds that it is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence because: (a) other lawsuits would be immaterial to the allegation that Defendants used excessive force against Plaintiff; and (b) other lawsuits are a matter of public record and as easily available to Plaintiffs as they are to Defendants.

15. The log-in sheet, event query and employment log for the Defendants for February 18, 2007.

RESPONSE: Defendants object to this request on the grounds that the terms "log-in sheet," "event query" and "employment log" are vague and confusing. Subject to and without waiving these objections, investigation continues for the daily shift roster for February 18, 2007.

16. All complaints against and citations issued to the Plaintiff on February 18, 2007.

RESPONSE: See documents WCSO 00161 through WCSO 00164.

17. Any reports written by any officers, including the Defendants, who had contact with the Plaintiff on or after February 18, 2007.

RESPONSE: Defendants object to this request on the grounds that it is overly broad, vague and unduly burdensome. Subject to and without waiving these objections, see documents WCSO 00162 through WCSO 00164.

18. All records/documents relating to the physical condition of the Plaintiff while in the custody of Will County, either at the Will County Adult Detention Facility or another facility, prior to this incident.

RESPONSE: See documents WCSO 0001 through WCSO 0216.

19. Any and all materials, orders, reports, memoranda, and summaries issued by the Will County Sheriff's Office, or any of its agencies including, but not limited to, the Office and its attorneys, concerning the standards and regulations regarding the use of force by its officers in effect on February 18, 2007. This request includes, but is not limited to, the following:
    a. All such materials used at the Police Academy in the training of officers (course outlines), books, manuals, brochures, films, tape recordings and other audio or visual material; and
    b. All such materials issued at any time to police officers (orders, memoranda, brochures, leaflets, scripts).

RESPONSE: See documents WCSO 0217 through WCSO 00226.

20. The retention policy of videotapes.

RESPONSE: Investigation continues.

21. The chain of custody log of the videotape showing plaintiff at the Will County Adult Detention Facility on the date of the incident complained of.

RESPONSE: Investigation continues.

22. Any and all materials concerning the standards and regulations regarding grievance procedures at the Will County Adult Detention Facility.

RESPONSE: See documents WCSO 00618 through WCSO 00620.

Respectfully submitted,

ERIK PAYNE, JEFF JOHNSON and PATRICK JONES

By: _____
One of the attorneys for Defendants

Martin W. McManaman
Patrick R. Moran
Justin C. Doolittle
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500

6

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to penalties provided by 28 U.S.C § 1746 that copies of **Defendants Jones and Johnson's Answers to Plaintiff's First of Interrogatories** and **Defendants' Responses to Plaintiff's Request for Production of Documents** and documents numbered WCSO 0217 through WCSO 0620 were served upon:

Ms. Ronak Patel
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602

via hand delivery on the 31st day of July, 2008.

*/s/ Jessica Chiechanski*