LAW OFFICES OF

# GREGORY E. KULIS AND ASSOCIATES, LTD.

GREGORY E. KULIS
KATHLEEN COYNE ROPKA
SHEHNAZ I. MANSURI
DAVID S. LIPSCHULTZ
RONAK D. PATEL

30 NORTH LASALLE STREET, SUITE 2140
CHICAGO, ILLINOIS 60602-3368

—

TEL: (312) 580-1830
FAX: (312) 580-1839
www.kulis-law.com

OF COUNSEL
GEORGE G. LEYNAUD
REBECCA M. LEYNAUD

—

LASALLE COUNTY OF COUNSEL OFFICE
1200 38TH STREET
PERU, ILLINOIS 61354
(815) 224-4700

August 11, 2008

**<u>Via First Class Mail and Facsimile 312-364-1003</u>**
Martin McManaman
Lowis & Gellen, LLP
200 West Adams, Suite 1900
Chicago, Illinois 60606

**Re: Douglas Nash v. County of Will, et. al.**
**Case No.: 08-C-1170**

Dear Mr. McManaman:

I write pursuant to Rule 37 to address concerns that I have about certain deficiencies in your clients' answers to written discovery.

**Defendant Payne's, Johnson's, Jones' Answers to Interrogatories**

<u>Interrogatory no. 13</u>
This interrogatory inquires into whether any investigation was undertaken regarding the actions alleged to have been taken by the Defendants on February 18, 2007. You object to this interrogatory on the grounds that the term "investigation" is vague and further state that investigation continues. Firstly, while Plaintiff does not believe the term to be vague, I hope that the following will assist you in providing a full and complete answer to this interrogatory:

Investigation: the process of inquiring into a matter through research, follow-up, study, or formal or informal procedure of discovery; a searching inquiry for ascertaining facts; a detailed or careful examination.



Secondly, this incident occurred well over 1.5 years ago, and our discovery requests were served in April 2008. Defendants have had more than a reasonable amount of time to provide an answer to this interrogatory and should certainly have knowledge about whether they were disciplined regarding this incident. Please withdraw your objection as to vagueness and provide a full and responsive answer to this interrogatory immediately, as Plaintiff is entitled to discovery on this matter (including any statements from Defendants, Plaintiff, or witnesses) before engaging in any depositions.

Interrogatory no. 14 and 15

Interrogatory no. 14 inquires into whether the Defendants have ever been sued in relation to any actions taken by them while fulfilling their official duties. You object to this interrogatory on the grounds that it is overly broad and irrelevant. Interrogatory no. 15 inquires into whether a verbal or written complaint has been filed against the Defendants with the Will County Sheriff's Office or any agency or department at which Defendants have worked. Your objections to this interrogatory are the same as some of the objections to interrogatory no. 14, hence my discussion of both of these interrogatories in one section.

Prior complaints against Defendants (whether in the form of citizen complaints or civil actions) for any actions undertaken in an official capacity are directly relevant to Plaintiff's claims and calculated to lead to the discovery of admissible evidence, particularly since Plaintiff also alleges a *Monell* claim (as I advised you earlier today, Plaintiff is withdrawing his motion to dismiss this claim and intends to pursue it). Furthermore, the information sought in these interrogatories is hardly overbroad.

The standard for relevancy is detailed in FRCP 26, which states in relevant part:

> *"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).*

Note that the court in Grant v. Homier Distributing Co., Inc. was faced with the issue of the defendant's objections to some of plaintiff's interrogatories on the grounds of relevancy. Grant v. Homier Distributing Co., Inc., 2007 WL 2446753, *1. (N.D. Ill.). The court stated that for discovery purposes, "relevancy will be construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Id. *quoting* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Similarly, the plaintiffs in Grant asked the defendant to identify all prior and current wage lawsuits or legal proceedings in which the defendant was a party, along with asking the defendant to produce documents related to those legal actions. The court stated that this information was directly relevant to the issue at hand, in part because such documents would allow for the identification of other witnesses who may have information about the work performed by the defendant. In addition, the Plaintiffs in Grant requested the defendant to provide an answer as to any complaints filed again him for his failure to pay overtime (an allegation that he was

defending himself against). The court found this interrogatory proper, stating that "evidence of other people filing complaints against Homier for the same reasons Plaintiffs have filed this lawsuit may suggest Homier engaged in a pattern or practice of unlawful behavior." Similarly, in our case, interrogatories no. 14 and 15 are directly relevant as to the Defendants' engaging in certain actions or behavior while fulfilling their duties as law enforcement officers. Note that the information sought is that which civil rights plaintiffs routinely request and are provided with.

As for the interrogatory not being limited in scope and time, the entirety of Defendants' careers as police officers is subject to question. Both old and more recent complaints have relevancy. As such, please withdraw your objections and provide full and responsive answers to these interrogatories.

### Defendants' Response to Plaintiff's Production Request

Much of what has been stated above is applicable here. You object to many of these requests as overly broad, unduly burdensome, irrelevant, and/or involving privileged information. Please tender full and complete answers to Production Requests no. 2, 3, 6, 8, 10, 13, and 15. As many of these requests involve the same objections as those discussed above, I will not address each request individually. However, many of the requests you objected to involve tendering information relating to the Defendants' history of complaints and any discipline taken against them. These inquiries are directly relevant to this action (again, particularly in light of Plaintiff's *Monell* claim) and they are neither overly broad nor unduly burdensome. Defendants' disciplinary history is relevant in that disciplinary action for their behavior (either on the date of the incident or another date) would suggest that the Defendants violated some of the standards the Will County Sheriff's Department imposes on its officers and the action taken by Will County is relevant to Plaintiff's *Monell* claim.

Case law supports Plaintiff's position as it is well-settled that courts have found disciplinary records and previous instances of misconduct by defendants to be relevant in cases factually similar to this one. See Charles v. Cotter, 1994 WL 424144 (N.D. Ill.) (where plaintiff had requested in his production request "the complete personnel and disciplinary files of Defendants, including all records of previous complaints, proceedings, and determinations against them", the court relied on the liberal standard of relevance and ruled after two motions to reconsider that plaintiff was entitled to discovery into prior instances of excessive force as "the information sought by [Plaintiff] could plainly be relevant, or lead to relevant evidence, for other purposes—e.g., impeachment by establishing motive or bias, and/or attacking credibility." See Vodak v. City of Chicago, 2004 WL 1381043, *5 (N.D. Ill.) (stating that "numerous courts have held that the personnel files and compliant histories of defendant officers are relevant in Section 1983 actions involving police misconduct). See Bond v. Uteras, 2006 WL 695447 (N.D. Ill.) (when confronted with the defendants' argument that the plaintiff was seeking prior complaints only to demonstrate impermissible prior bad acts or propensity, the court agreed with the plaintiff's assertion that such evidence was admissible to prove motive, intent, absence of mistake, opportunity, preparation and plan and concluded that the plaintiff's request was reasonably calculated to lead to the discovery of admissible evidence, and ordered the defendants to supplement and/or update its provision of

disciplinary records.  See Wilson v. City of Chicago, 6 F.3d 1230, 1238 (7th Cir. 1993) (appellate court reversed trial court's refusal to admit evidence of other police misconduct complaints).

Furthermore, you again respond to some of these production requests with "investigation continues".  As stated previously, Defendants have had more than a reasonable amount of time to provide an answer to this interrogatory and should certainly have knowledge about whether any investigation was undertaken in regards to Plaintiff's grievances.  As such, please provide any documents regarding such an investigation immediately.

In closing, I am requesting that you have full and complete answers to Plaintiff's Interrogatories and Request for Production to our office by the close of business Monday, August 18, 2008.

Respectfully yours,

Ronak Patel

Ronak Patel

LAW OFFICES OF

# GREGORY E. KULIS AND ASSOCIATES, LTD.

GREGORY E. KULIS

KATHLEEN COYNE ROPKA

SHEHNAZ I. MANSURI

DAVID S. LIPSCHULTZ

RONAK D. PATEL

OF COUNSEL

GEORGE G. LEYNAUD*

REBECCA M. LEYNAUD*

30 NORTH LASALLE STREET, SUITE 2140
CHICAGO, ILLINOIS 60602

———

*LASALLE COUNTY OF COUNSEL OFFICE
1200 38TH STREET
PERU, ILLINOIS 61354
(815) 224-4700

TEL: (312) 580-1830
FAX: (312) 580-1839
www.kulis-law.com

---

## Facsimile Cover Sheet

| |
|---|
| To:  Marty McManaman at 312-364-1003 |
| From:  Ronak Patel |
| Date: August 11, 2008 |
| Re:  Nash v. Will County                    5 Pages (including Cover Sheet) |
| Notes: |

PLEASE NOTE:   THE INFORMATION CONTAINED IN THIS FACSIMILE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMES ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR IF THIS TRANSMISSION IS INCOMPLETE PLEASE NOTIFY OUR OFFICE, GREGORY E. KULIS & ASSOCIATES, IMMEDIATELY BY TELEPHONE AT (312) 580-1830 AND RETURN THE ORIGINAL MESSAGE TO OUR OFFICE BY U.S. MAIL AT THE ADDRESS INDICATED ABOVE.