UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS NASH, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 08 C 1170 |
| COUNTY OF WILL, et al., | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Defendants Will County, Officer Payne, Officer Johnson, and Officer Jones ("Defendants") motion to bifurcate a *Monell* claim pursuant to Fed. R. Civ. P. 42(b) and to stay discovery and trial on the claim. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Douglas Nash ("Nash") filed a second amended complaint against Defendants for injuries allegedly caused while he was in custody at the Will County Detention Center. He charges that Defendant-officers are responsible for using excessive force in violation of his Fourth Amendment rights and 42 U.S.C. § 1983 and failing to intervene during the alleged excessive force. Nash additionally asserts a claim against Defendant Will County for allegedly fostering a policy or practice of

misconduct that caused the deprivation of his civil rights ("*Monell* claim"). In their answer, Defendants uniformly denied Nash's allegations and asserted qualified immunity as an affirmative defense.

In his request for production of documents, which Defendants consider broad and voluminous, Nash seeks records of all disciplinary action taken against all Will County law enforcement personnel for unreasonable use of force, abuse of official position, and abuse of due process of law since January 1, 2003. According to Defendants' motion, these ostensibly burdensome requests serve as part of the reason Defendants seek to bifurcate the *Monell* claim. The instant motion requests the court to bifurcate the *Monell* claim until after Nash has resolved his claim against the individual officers.

## LEGAL STANDARD

Fed. R. Civ. P. 42(b) allows the court to separate claims in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to the expedition and economy of the court. *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994). "Only one of these criteria need be satisfied for a court to order a separate trial." *Id.* It is well established that district courts have broad discretion in whether to try issues separately under Rule 42(b). *See McLaughlin v. State Farm Mut. Auto Ins. Co.*, 30 F.3d 861, 870 (7th Cir. 1994).

**DISCUSSION**

Defendants principally assert that bifurcation of the *Monell* claim is conducive to the expedition and economy of the case. Before he can prevail on a *Monell* claim, Nash must first succeed in his action against the individual officers for violating his constitutional rights. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573 (1986) (rendering a department's authorization of excessive force moot where the jury finds the police officer did not violate the plaintiff's constitutional rights). Nash opposes bifurcation on the perception that it would be impractical because he plans to introduce evidence of the alleged *Monell* claim as part of his case in chief against the officers regardless of whether we bifurcate the *Monell* claim. Nash asserts that bifurcating the *Monell* claim would undermine the expedience and convenience bifurcation is used to cure; according to Nash, his individual claims and *Monell* claim overlap and would invariably cause redundant judicial intervention.

Defendants, however, maintain that allowing the *Monell* claim to continue would require them to produce an abundance of documents unrelated to Nash's case. They further assert that if *Monell* evidence is offered at trial, it would unfairly prejudice the individual officers. Finally, Defendants claim that should the officers be found culpable within the scope of their employment, then Defendant Will County would pay compensatory damages to Nash, subject to any individual appellate rights.

We find that bifurcating Nash's *Monell* claim and staying discovery and trial offers a distinct advantage: disposition of the claims against the individual officers may render the *Monell* claim irrelevant–thus expediting the case and serving the economy of both the parties and the court. Furthermore, bifurcation prevents the admission of *Monell* evidence at the officers' trial, which could potentially cause unfair prejudice. Should Nash prevail on the individual claims, Defendant Will County asserts in its motion that it would stipulate to paying the award of compensatory damages against the officers. Aligning with past cases in this jurisdiction that bifurcated the *Monell* claim pending the disposition of the individual claims, we grant Defendants' motion. *See Myatt v. City of Chicago*, 816 F. Supp. 1259, 1264 (N.D. Ill. 1992); *Jones v. City of Chicago*, No. 98C5418, 1999 U.S. Dist. LEXIS 3358, at *8 (N.D. Ill. Mar. 10, 1999).

## CONCLUSION

Based on the foregoing, the motion to bifurcate the *Monell* claim and stay discovery is granted.

Charles P. Kocoras
United States District Judge

Dated:  November 18, 2008